

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

LYNNE WANG, YU FANG INES KAI, and HUI JUNG PAO, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

CHINESE DAILY NEWS, INC., and DOES 1-10, et al.,

    Defendants.

CASE NO. CV 04-1498 CBM (JWJx)

[PROPOSED] ORDER CERTIFYING CLASS ACTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 23(b)(2)

This matter came before the Court for hearing on November 15, 2004 on plaintiffs' motion for class certification. Della Bahan of Bahan & Associates appeared for the plaintiffs. Steven D. Atkinson and Scott K. Dauscher of Atkinson, Andelson, Loya, Ruud & Romo appeared for the defendants. The Court having considered the papers filed by the parties in connection with this motion, and having heard the arguments of counsel in support of and in opposition to that motion, and GOOD CAUSE APPEARING,

IT IS ORDERED THAT plaintiffs' motion for class certification under Federal Rule of Civil Procedure 23(b)(2) is hereby granted and Della Bahan of Bahan & Associates is appointed as class counsel under Rule 23(g).

The Court finds that the proposed class satisfies the prerequisites for a class action enumerated in Federal Rule of Civil Procedure 23(a), and that litigation of the proposed class claims for injunctive, declaratory, and monetary relief meet the standards of Rule 23(b)(2) in that defendant has acted or refused to act on grounds generally applicable to each member of the specified class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole. The Court also finds that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the defendant, thereby making class treatment the only practical means of resolving the plaintiffs' claims. The Court further finds that plaintiffs' counsel will adequately and fairly represent the interests of the class within the meaning of Rule 23(g).

For all of those reasons, it is hereby ORDERED:

1. The class is certified with respect to the following claims set forth in the Plaintiff's Complaint, and all issues and defenses applicable to such claims: Second Claim for Relief (failure to pay overtime compensation and other wages, failure to pay wages on termination,

1 | failure to provide accurate itemized wage statements, failure to
2 | provide paid breaks and unpaid meal breaks, and failure to pay of one
3 | hour of additional pay for each missed break) and the Third Claim for
4 | Relief (unfair business practices under Cal. Bus. & Prof. Code §
5 | 17200, *et seq.*).

7  2.  The class is certified on behalf of all former, current, and future non-exempt employees of Defendants who worked at Chinese Daily News in Monterey Park, California at any time since March 5, 2000.

IT IS SO ORDERED.

Date: 11/22, 2004

Hon. Consuelo B. Marshall
United States District Court

Presented by:

BAHAN & ASSOCIATES

By _____
DELLA BAHAN
Attorneys for Plaintiffs

3

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 140 S. Lake Avenue, Suite 230, Pasadena, California 91101.

On November 18, 2004 I served the foregoing document described as [PROPOSED] ORDER CERTIFYING CLASS ACTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 23(b)(2) on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Steven D. Atkinson
Scott Dauscher
ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
17871 Park Plaza Drive, Suite 200
Cerritos, CA 90703-8597

[X] **(By Mail)**
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice I place all envelopes to be mailed in a location in my office specifically designated for mail. The mail then would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on November 18, 2004.

[ ] **(Personal Service)**
I caused such envelope to be delivered by hand to the offices of the addressee. Executed on _____.

[X] **(Federal Court)** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

_/s/ Nathan Howe_
NATHAN HOWE